IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICKY HEMINGWAY, | |
| Plaintiff, | |
| vs. | No. 12-2390-STA-cgc |
| JUAN D. CASTILLO, et al., | |
| Defendants. | |

ORDER CORRECTING THE DOCKET
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On May 23, 2012, Plaintiff Ricky Hemingway, Bureau of Prisons ("BOP") register number 91626-071, an inmate at the Federal Correction Institution in Memphis, Tennessee ("FCI Memphis"), filed a *pro se* complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), accompanied by motions seeking leave to proceed *in forma pauperis* and appointment of counsel. (ECF Nos. 1 & 3.)[1] On June 13, 2012, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.)

---

[1] The Clerk is directed to remove the first two pages of ECF No. 1, which is Plaintiff's original *in forma pauperis* motion, and to docket those pages as a separate document. The remainder of ECF No. 1 is the complaint.

The Clerk shall record the defendants as former FCI Memphis Warden Juan D. Castillo, FCI Memphis Safety Manager D. Mayfield, and FCI Memphis Facilities Manager D. Dosa. Each defendant is sued in his or her individual and official capacities.

The Complaint alleges that Plaintiff slipped and fell in the shower on April 22, 2011, injuring his wrist, back, and leg. (Compl. ¶ 1.) The shower was not equipped with safety holding rails, a handicap seat, or slip or skid mats or strips. (Id. ¶ 2.) Defendants knew or should have known about the hazardous condition of the shower stalls because of prior complaints. (Id. ¶ 3.) Plaintiff now suffers from chronic pain and also has "a strong fear or mental phobia of falling each time he gets into the showers." (Id. ¶ 4.) Plaintiff seeks money damages in the amount of $330,000. (Id., "Relief Sought.")

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007). Hill v.

Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and alteration omitted). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; *see also* Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490

3

> U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of *pro se* prisoner suits, the Supreme Court suggested that *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See* Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits. *See, e.g.*, id. at 521, 92 S. Ct. at 596 (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unplead allegations), *cert. denied*, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d 3366 (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (*pro se* plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Brown v. Matauszak, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim

which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461, 181 L. Ed. 2d 300 (2011).

Plaintiff's claims arise under Bivens, which provides a right of action against federal employees who violate an individual's rights under the United States Constitution. "Under the Bivens line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing

5

the cause of action." Koubriti v. Convertino, 593 F.3d 459, 466 (6th Cir. 2010).

Plaintiff's claims against Defendants in their official capacities are barred by sovereign immunity. "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." Ky. v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (internal quotation marks omitted). The United States has not waived its immunity to suits asserting Bivens claims. Fagan v. Luttrell, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("Bivens claims against the United States are barred by sovereign immunity. The United States has not waived its immunity to suit in a Bivens action.") (citation omitted); Miller v. Fed. Bureau of Investigation, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a Bivens action against a federal agency for damages"); Lundstrum v. Lyng, 954 F.2d 1142, 1146 (6th Cir. 1991) ("A Bivens action may not be maintained against the United States."). Any Bivens suit against Defendants in their official capacities is barred by sovereign immunity. Center v. Bio-Ethical Reform, Inc. v. City of Springboro, 477 F.3d 807, 820 (6th Cir. 2007) ("By extension, sovereign immunity also protects the officers and agents of the United States from suit in their official capacities."); Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 115 (6th Cir. 1988) (per curiam) ("[T]he bar of sovereign

immunity cannot be avoided simply by naming officers and employees of the United States as defendants.").

Plaintiff's claims arise under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally* Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994); Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992); Wilson, 501 U.S. at 298, 111 S. Ct. at 2324; Williams v. Curtin, 633 F.3d at 383; Mingus v. Butler, 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." Farmer, 511 U.S. at 834, 114 S. Ct. at 1977; Hudson, 503 U.S. at 8, 112 S. Ct. at 999-1000; Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," Farmer, 511 U.S. at 834, 114 S. Ct. at 1977; *see also* Miller v. Calhoun Cnty., 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "'minimal civilized measure of life's necessities,'" Wilson, 501 U.S. at 298, 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981)); *see also* Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004). The Constitution "'does not mandate comfortable prisons.'" Wilson, 501 U.S. at 298, 111 S. Ct. at 2324 (quoting Rhodes, 452 U.S. at 349,

7

101 S. Ct. at 2400). "[R]outine discomfort 'is part of the penalty that criminal offenders pay for their offenses against society.'" Hudson, 503 U.S. at 9, 112 S. Ct. at 1000 (quoting Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399). Thus, "extreme deprivations are required to make out a conditions-of-confinement claim." Id.

That the floor of the shower in Plaintiff's housing unit was slippery does not satisfy the objective component of an Eighth Amendment violation. As another district court in this district has explained:

> Federal courts have routinely held that wet and slippery prison floors, while potentially hazardous, do not amount to the denial of the minimal civilized measure of life's necessities. *See, e.g.*, Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (holding that "slippery floors constitute a daily risk faced by members of the public at large" and do not amount to cruel and unusual punishment); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (finding that wet prison floors did not create a sufficiently serious condition to violate the Eighth Amendment, and noting that "slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment"); Denz v. Clearfield County, 712 F. Supp. 65, 66 (W.D. Pa. 1989) (finding no Eighth Amendment violation based on slippery floor in prison cell); Mitchell v. West Virginia, 554 F. Supp. 1215, 1216-17 (N.D. W. Va. 1983) (finding no Eighth Amendment violation based on slippery floor in prison dining hall).

Stubl v. Baraga Maximum Corr. Facility, No. 2:08-CV-10, 2008 WL 4813403, at *6 (W.D. Mich. Oct. 30, 2008) (report and recommendation adopted by the district court); *see also* Ward v. Ky. State Reformatory, Civil Action No. 3:09-CV-315-H, 2011 WL 2378172, at *5 (W.D. Ky. June 15, 2011) ("Federal courts have routinely held that slippery prison floors do not pose a substantial risk of serious harm to give rise to an Eighth Amendment violation.")

8

(internal quotation marks and citations omitted); Mills v. C.C.A., No. 1:10-0015, 2010 WL 5155478, at *4 (M.D. Tenn. Dec. 14, 2010) ("Courts have regularly held that slip and fall accidents do not give rise to federal causes of action.") (report and recommendation), *adopted*, 2011 WL 13552 (M.D. Tenn. Jan. 4, 2011); Amos v. Parker, No. 11-1160-JDT-egb, slip op. at 6-7 (W.D. Tenn. Aug. 30, 2010); Jackson v. Shelby Cnty., No. 09-2728-JDT-dkv, slip op. at 8 (W.D. Tenn. Nov. 25, 2009), *aff'd*, No. 10-5008 (6th Cir. July 9, 2010); Dennis v. Shelby Cnty., No. 09-2516-JDT-tmp, slip op. at 8-9 (W.D. Tenn. Nov. 25, 2009), *aff'd*, No. 09-6515 (6th Cir. July 28, 2010); Coffelt v. Mich. Dep't of Corr., No. 1:08-CV-333, 2008 WL 2559252, at *5 (W.D. Mich. June 20, 2008) (report and recommendation adopted by district court).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834, 114 S. Ct. at 1977; *see also* Wilson v. Seiter, 501 U.S. at 302-03, 111 S. Ct. at 2326. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. Farmer, 511 U.S. at 834, 114 S. Ct. at 1977; Wilson, 501 U.S. at 303, 111 S. Ct. at 2326-27; Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993); Woods v. Lecureux, 110 F.3d 1215, 1222 (6th Cir. 1997); Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996); Taylor v. Mich. Dep't of Corr., 69 F.3d 76, 79 (6th Cir. 1995).

9

"[D]eliberate indifference describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835. Thus,

> *[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.* This approach comports best with the text of the Eighth Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38 (emphasis added; citations omitted); *see also* Garretson v. City of Madison Heights, 407 F.3d 789, 796 (6th Cir. 2005) ("If the officers failed to act in the face of an obvious risk of which they should have known but did not, then they did not violate the Fourteenth Amendment.").

The Complaint does not adequately allege that Defendants were deliberately indifferent to the risk that inmates might slip in the shower. That they might have been aware of previous incidents suggests only negligence rather than deliberate indifference. Kirby v. Ky. Corr. Psychiatric Ctr., No. 98-6419, 1999 WL 1021736, at *2 (6th Cir. Nov. 2, 1999) ("Defendants acted, at most, with mere negligence or lack of due care by failing to provide shower mats or railing. However, mere negligence is insufficient to establish an

Eighth Amendment claim."); Graham v. Poole, 476 F. Supp. 2d 257, 260 (W.D.N.Y. 2007) ("Although plaintiff alleges that defendants were aware of the dangerous condition of the shower floor, and failed to rectify it, that amounts to nothing more than negligence, and is not enough to establish an Eighth Amendment claim . . . . Again, all that plaintiff has alleged is that defendants failed to exercise due care in not installing non-slip mats in the shower. That is not enough.") (citation omitted).

Therefore, the Court DISMISSES the complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court also DISMISSES the claims against Defendants in their official capacities pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), as seeking money damages from a party who is immune from that relief. The motion for appointment of counsel is DENIED as moot. Judgment shall be entered for Defendants.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. When an appellant seeks to proceed *in forma pauperis* on appeal, the United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.

If Plaintiff appeals the dismissal of this case, the Court is required to assess the $455 appellate filing fee. In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA, 28 U.S.C. §§ 1915(a)-(b). Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall

take effect, without further action by the Court, upon expiration of the time for filing a notice of appeal, the dismissal of any appeal, or the affirmation of this Court's decision on appeal, whichever is later.

IT IS SO ORDERED this 28th day of March, 2013.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE